IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MODULAR STEEL SYSTEMS INC., | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: |
| WESTFIELD INSURANCE, | |
| Defendant. | |

## DEFENDANT'S PETITION FOR NOTICE OF REMOVAL

Defendant, Westfield Insurance Company, by its counsel, Fowler Hirtzel McNulty & Spaulding, LLP, hereby petitions to remove this action, which was pending in the Court of Common Pleas of Luzerne County under Docket No. 2020-06065, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.*, and in support thereof, avers as follows:

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.  This is an insurance breach of contract and bad faith action.

2.  Plaintiff, Modular Steel Systems, Inc. ("MSS" or "Plaintiff"), filed suit against Defendant on July 2, 2020. A copy of Plaintiff's Complaint is attached as **Exhibit "A"**.

{W1102630.1}

3.     It is alleged that Plaintiff is a Pennsylvania business corporation with its main office and principal place of business located at 11 Edwards Drive, Bloomsburg, PA 17815. *See* Ex. A.

4.     Defendant, Westfield Insurance Company is an Ohio business corporation having a registered business address and principal place of business of One Park Circle, Westfield Center, OH 44251.

5.     Plaintiff claims that Westfield breached its contractual obligations and committed bad faith by failing to provide a defense in an underlying action, <u>Palmer at al. v. Rice et al</u>, No. 08-C-07-001619 Circuit Court for Charles County, Md. (2008). <u>See</u> **Exhibit "A,"** at ¶¶ 5-7.

6.     Plaintiff seeks damages in the amount of $59,278.98, <u>id.</u> at ¶ 13, "together with compensatory damages, punitive damages, interest, cost of suit, attorneys fees, and any further damages allowed under Pennsylvania law. <u>Id.</u> at ¶ 17.

## II.     LEGAL ARGUMENT

### A.     <u>Statement of Authority</u>

7.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

8.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

9.     This Honorable Court's original jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332 insofar as (1) all parties are of diverse citizenship at all times material hereto; and (2) Plaintiff's alleged damages are in excess of $75,000.

**B.     All Parties are of Diverse Citizenship**

10.    For individuals, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. George W. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

11.    A corporation is a citizen of the states in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

12.    Plaintiff, MSS, alleges that it has been incorporated in Pennsylvania, and that it has its principal place of business in Pennsylvania. See Ex. A.

13.    Defendant, Westfield Insurance Company, is an Ohio corporation with its principal place of business in Ohio.

14.     As Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Ohio, the diversity of citizenship requirement under 28 U.S.C. §1332 has been met.

**C.      The Amount in Controversy Exceeds $75,000.00**

15.     In addition to complete diversity, the amount-in-controversy must exceed $75,000.00. See 28 U.S.C. §1332(a).

16.     When case is removed on the basis of diversity jurisdiction,

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]

28. U.S.C. § 1446(c)(2)(A)(ii).

17.     "[R]emoval of the action is proper on the basis of an amount in controversy asserted under [28 U.S.C. § 1446(c)(2)(A)(ii)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00, exclusive of interest and costs (for purposes of this case). 28 U.S.C. § 1446(c)(2)(B).

18.     Pennsylvania procedural law prohibits a party from demanding a specific amount of unliquidated damages. See Pa.R.C.P. No. 1021(b).

19.     Accordingly, Defendant are entitled to assert the amount in controversy in this Notice of Removal. See 28 U.S.C. § 1446(c)(2)(A)(ii).

20.    "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." <u>Werwinski v. Ford Motor Co.</u>, 286 F.3d. 661, 666 (3d. Cir. 2002).

21.    Plaintiff has brought a bad faith action against Defendant under 42 Pa. C.S. § 8371 ("the Bad Faith Statute").

22.    The Bad Faith Statute permits a prevailing insured to recover interest on the amount of the claim, punitive damages, court costs, and attorneys fees against the insurer. <u>Id.</u>

23.    While compensatory damages may be recoverable in a breach of contract action, the Bad Faith Statute does not permit an insured to recover compensatory damages. <u>Long v. State Farm Mut. Auto. Ins. Co.</u>, No. 4:15-CV-2404, 2016 U.S. Dist. LEXIS 88396, at *7 (M.D. Pa. July 8, 2016).

24.    Therefore, the damages available for a violation of the Bad Faith Statute are distinct from the damages suffered for breach of contract.

25.    Plaintiff claims to have suffered $59,278.98 in compensatory damages for breach of contract damages. <u>See</u> **Exhibit "A,"** at ¶ 13.

26.    For the alleged violation of the Bad Faith Statute, Plaintiff claims an unspecified amount of unliquidated damages consisting of "punitive damages, interest, cost of suit, attorneys fees, and any further damages allowed under Pennsylvania law. <u>Id.</u> at ¶ 17.

27.     Thus, the unspecified damages claimed for the alleged violation of the Bad Faith Statute would be in addition to the $59,278.98 Plaintiff claims for breach of contract.

28.     Accordingly, "a reasonable reading of the value of the rights being litigated" leads to the conclusion that the amount in controversy exceeds the jurisdictional limit of $75,000.00.  Werwinski, 286 F.3d. at 666.

29.     Because the amount in controversy exceeds $75,000.00 and complete diversity exists, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); and removal is proper.

**D.     Removal to this Court is Proper.**

30.     A case must be removed to the district court and division thereof which embrace the place where the state-court action is pending. 28 U.S.C. § 1441(a).

31.     Luzerne County is within the Middle District of Pennsylvania; therefore, this Court is the proper Court for removal of this action.

**E.     The Procedural Requirements for Removal are Met.**

32.     A notice of removal must be filed within 30 days after receipt of the "initial pleading setting forth the claim for relief upon which such action or

proceeding is based[.]" 28 U.S.C. § 1446(b); see Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 221-23 (3d Cir. 2005).

33.     This Notice of Removal is timely, because it is filed less than 30 days after service of the Complaint. See 28 U.S.C. § 1446(b)(3).

34.     Accordingly, the procedural requirements to remove this matter are met.

## III.   JURY TRIAL DEMAND

35.     Under Fed.R.Civ.P. 38(b)(1), Defendant demand trial by jury on all issues so triable.

## IV.   RELIEF REQUESTED

36.     As there is diversity of citizenship and the amount in controversy is in excess of $75,000.00, removal is proper under 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, under 28 U.S.C. § 1441, Defendant respectfully gives notice that the action now pending against it at Docket No. 2020-06065, in the Court of Common Pleas of Luzerne County, Pennsylvania be removed to this Court.


(signature page follows)


{W1102630.1}

**FOWLER HIRTZEL McNULTY &
SPAULDING, LLP**

Dated:   July 10, 2020          By: _____

Gregory S. Hirtzel, Esquire
Attorney No.:  56027
ghirtzel@fhmslaw.com
Benjamin P. Novak, Esquire
Attorney No.:  326182
bnovak@fhmslaw.com
1860 Charter Lane, Suite 201
Lancaster, PA 17601
P:  717.553.2601

EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____ **Luzerne** _____ **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | 202006065 |

*Time Stamp*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking
- ☐ Notice of Appeal

**Lead Plaintiff's Name:**
Modular Steel Systems Inc.

**Lead Defendant's Name:**
Westfield Insurance

☐ Check here if you are a Self-Represented (Pro Se) Litigant

**Name of Plaintiff/Appellant's Attorney:** Michael R. Mey, Esquire

Are money damages requested? : ☒ Yes  ☐ No

Dollar Amount Requested:
(Check one)
___ within arbitration limits
_X_ outside arbitration limits

Is this a *Class Action Suit?*  ☐ Yes  ☒ No

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☒ Other:
  Contract

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Pa.R.C.P. 205.5*

*2/2010*

**Michael R. Mey, Esq.**
**ID #41441**
**Mey & Sulla, LLP**
**1144 East Drinker Street**
**Dunmore, PA  18512**                                    **Counsel for Plaintiff**

| | |
|---|---|
| MODULAR STEEL SYSTEMS  INC. | : IN THE COURT OF COMMON PLEAS, |
| 11 Edwards Drive | :         OF LUZERNE COUNTY |
| Bloomsburg, PA  17815 | : |
| | : |
| Plaintiff | : |
| | : |
| WESTFIELD INSURANCE, | : |
| P.O. Box 5001 | : |
| One Park Circle | : |
| Westfield Center, OH  44251-5001 | : |
| | : |
| Defendant | : No.: |

### NOTICE TO PLEAD

　　　**YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint is served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or any other claim or relief requested by the Plaintiffs.  You may lose money or property or other rights important to you.**

　　　**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

### A V I S O

　　　USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA.  ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO. SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

Northern PA Legal Services
33 North Main Street, Suite 200
Pittston, PA 18640
855-236-6405
*Fax: 570-824-0001*

PA Lawyer Referral Service
P. O. Box 1086
100 South Street
Harrisburg, PA  17108
*PA Residents 1-800-692-7375*
*Out-of-State 717-238-6715*

Michael R. Mey, Esquire **COMPLAINT**

2

**Michael R. Mey, Esq.**
**ID #41441**
**Mey & Sulla, LLP**
**1144 East Drinker Street**
**Dunmore, PA  18512**                    **Counsel for Plaintiff**

| | |
|---|---|
| MODULAR STEEL SYSTEMS  INC. | : IN THE COURT OF COMMON PLEAS, |
| 11 Edwards Drive | :        OF LUZERNE COUNTY |
| Bloomsburg, PA  17815 | : |
| | : |
| Plaintiff | : |
| | : |
| WESTFIELD INSURANCE, | : |
| P.O. Box 5001 | : |
| One Park Circle | : |
| Westfield Center, OH  44251-5001 | : |
| | : |
| Defendant | : No.:   202006065 |

## COMPLAINT

**AND NOW** come the Plaintiff, MODULAR STEEL SYSTEMS INC.,  by and through

their counsel, Mey & Sulla, LLP, and complains of the Defendant, WESTFIELD INSURANCE

and in support thereof alleges as follows:

1.      The Plaintiff, MODULAR STEEL SYSTEMS INC., is a Pennsylvania business

corporation with its main office and principle place of business located at 11 Edwards Drive

Bloomsburg, PA 17815.

2.      The Defendant, WESTFIELD INSURANCE, is a corporation organized and

existing under the laws of this Commonwealth to provide various forms of insurance to the

public including commercial automobile liability policies with its principal place of business

located at P.O. Box 5001, One Park Circle, Westfield Center, Ohio, 44251-5001.

3.      Plaintiff applied to Defendant for a commercial automobile liability policy

3

insuring the Plaintiff's automobiles, tractor trailers and all operations associated therewith as a result of which Travelers issued a commercial liability automobile insurance policy for the time period of April 30th, 2007 to April 30th, 2008 bearing policy number Y-810-280D4237-IND-07 a true and correct copy of which is in the possession of Westfield and, therefore, is not attached to this Complaint.

      4.      Plaintiff has paid Westfield the required premiums of $60,335.00 in consideration of which the Defendant agreed to provide a commercial automobile insurance policy insuring Plaintiff's automobiles, tractor trailers and represented to the Plaintiff that said coverage was purchased.

      5.      Thereafter, on August 11, 2004, and while the policy was represented by the Defendant to the Plaintiff to be in full force and effect an automobile collision occurred as a result of which an action was filed against Modular Steel to case number 08-C-07-001619MT in the Circuit Court for Charles County, Maryland.

      6.      A copy of the Complaint in the Maryland action was provided to Westfield who acknowledged receipt on January 28, 2008.

      7.      On January 28, 2008, Westfield provided Modular Steel a denial of coverage as follows:

> "We are in receipt of the above-referenced lawsuit in the Circuit Court for Charles County, Maryland.
>
> Upon review of the allegations, it appears that this loss should be handled by your general liability insurance carrier. I have notified your insurance agency of same. I am sending all the Court documents I received, by overnight mail, to Mary Major at Murray Insurance. She will forward them to the appropriate carrier for handling. At this time, we are closing

our file."

8.      The policy of insurance authored by Westfield contains the following provision: in section two liability coverage:

We will pay all sums and insurer legally must pay his damages because of bodily injury or property damage to which this insurance policy caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

Policy   Section V Definitions Provides:

M.      "Property damage": means damage to or loss of use of tangible property.

J.      "Loss" means direct and accidental loss or damage.

A.      "Accident" includes continuous or repeated exposure to the same conditions

        resulting in bodily injury or property damage.

9.      The Complaint contains the following paragraphs which sought to assess liability against Modular Steel:

Count III (Negligence - Flagman)

In this, the third count of the Complaint, Plaintiffs, Jack Palmer and Rosemary Maisel, sued Defendants, Elwoods Mobile Home Transport, Inc., American Deams, Inc. and MODULAR STEEL SYSTEMS INC., for negligence;

23.     Plaintiffs, Jack Palmer and Rosemary Maisel, incorporate the allegations contained in paragraphs 1 through 11, in their entirety in this Count.

24.     An agent, servant or employee of Defendants, Elwoods Mobile Home Transport, Inc., American Deams, Inc. and Modular Steel Industries, Inc., name unknown (hereinafter "flagman") exited a motor vehicle at or near the intersection of Route 231 and 381 in Charles County, Maryland, stepped into the roadway of Route 231 near Route 381 in a negligent, careless and reckless manner

5

causing the Defendant, Albert Joseph Rice, and/or the Defendant, John L. Pierce, to swerve out of the Defendant's intended lane thereby causing the resulting collision with Plaintiff's vehicle.

25. The "flagman" identified above, owed a duty to Plaintiffs and to others to perform his duties in a careful, cautious and lawful manner and to avoid stepping carelessly and recklessly into the roadway and into the intended travel lane of Defendants and others lawfully upon the highway.

26. The "flagman" identified above was negligent in that he failed to perform his duties in a careful, cautious and lawful manner and to avoid stepping carelessly and recklessly into the roadway and into the intended travel lane of Defendants and others lawfully upon the highway.

27. The negligence of the "flagman" identified above, proximately caused Plaintiffs, to suffer serious injuries, to suffer great mental anguish, to incur mental expenses, to lose wages or wage earning capacity and to incur other damages without any negligence on the part of the Plaintiffs contributing thereto.

10. At all relevant times, the Plaintiff believed and had a reasonable expectation that it was fully covered by the Defendant for the loss associated with the for said lawsuit.

11. As a result of the Defendant's refusal to honor its obligation to Defendant Modular Steel, Modular Steel incurred attorneys fees in the amount of $47,932.98, expenses in the amount of $2,346.00 and loss of its employees time in the amount of $9,000.00.

## COUNT I

## BREACH OF CONTRACT

12. Plaintiff incorporates by reference the averments contained in Paragraphs 1 through 11 as though the same were fully set forth herein at length.

13. By reason of the breach of the agreement and duty of the Defendant, Westfield, to provide a defense Plaintiff has suffered damages by reason of the attorneys fees it was forced to

6

expend, expenses it was forced to incur and loss of its employees time.

WHEREFORE, Plaintiff demands judgment against the Defendant Westfield in an amount of $59,278.98 together with interest on such amount as allowed by law from the date of the judgment until paid, costs of the suit and such other further relief as the Court deems just and proper.

## COUNT II

## BAD FAITH

14.     Plaintiff incorporates by reference the averments contained in Paragraphs 1 through 13 as though the same were fully set forth herein at length.

15.     The actions of Defendant in refusing to provide a defense to Plaintiff under the policy constitutes bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

(a)     Acting unreasonably and unfairly in response to Plaintiff's request for a defense for the lawsuit filed against it;

(b)     Failing to communicate adequately with Plaintiff;

(c)     Concealing or permitting agents, servants, workman or employees to conceal important facts and policy or contract provisions relating to the coverage at issue;

(d)     Making or permitting agents, servants, workman or employees to make a sales presentation which misrepresented to Plaintiff the benefits, conditions or terms of the insurance policy;

(e)     Refusing to respond to Plaintiff's claims while knowing that Plaintiff had a reasonable expectation for the lawsuit filed against it;

(f)     Misrepresenting or permitting agents, servants, workman or employees to

7

misrepresent pertinent facts or policy or contract provisions relating to the coverage at issue;

      (g)    Making or permitting agents, servants, workman or employees to make false or fraudulent statements or representations on or relative to an application for an insurance policy;

      (h)    Compelling Plaintiffs to institute litigation to recover amounts due and owing under the insurance policy;

      (i)    Causing Plaintiffs to incur out-of-pocket losses of $59,278.98 for attorneys fees, expenses and costs of employees time.

      (j)    Otherwise acting improperly, unreasonably and unfairly with regard to Plaintiff's claim for defense.

16.    The reasons set forth above, the Defendant has violated the policy of insurance issued to Plaintiff, its obligations as an insurer and failed to act toward the Plaintiff in good faith and fair dealing and, therefore, violated 42 Pa.C.S.A.§8371 for which Defendant is liable for compensatory and punitive damages together with interest, attorneys fees and such other relief as the court deems appropriate.

17.    Defendants refusal in honoring the terms and conditions of the policy of insurance it authored, and in refusing to provide at the very least a defense to the lawsuit filed against the Plaintiff, constitutes a wanton and reckless course of conduct with regard to the welfare, interest, rights and financial exposure of the Plaintiff and are liable for their bad faith conduct.

WHEREFORE, Plaintiff, MODULAR STEEL SYSTEMS INC., demands judgment against the Defendant, Westfield Insurance and in their favor in an amount in excess of $50,000.00 together with compensatory damages, punitive damages, interest, cost of suit,

8

attorneys fees and any further damages allowed under Pennsylvania law.

MEY & SULLA, L.L.P.

_____
Michael R. Mey, Esquire
Attorney for Plaintiff


## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that
require filing confidential information and documents differently than non-confidential
information and documents.

Submitted by:  Counsel for Plaintiff


Signature:_____

Name:  Michael R. Mey, Esquire

Attorney No. (if applicable):  41441

9

## VERIFICATION

I, Michael R. Mey, Esq., attorney for the Plaintiff, Modular Steel Systems, Inc., being duly sworn according to law, deposes and say that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and that this Verification is being made by me as their attorney since a signature cannot be obtained within the time required by the Rules of Civil Procedure, and are made subject to the penalties of 19 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____

**MICHAEL R. MEY, ESQ.**

Date: **7/2/2020**

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MODULAR STEEL SYSTEMS INC.,

                  Plaintiff,

        v.

WESTFIELD INSURANCE,

                  Defendant.

CIVIL ACTION

NO:

### CERTIFICATE OF SERVICE

I, Patricia L. Glasz, Pa.C.P., an employee of Fowler Hirtzel McNulty & Spaulding, LLP hereby certify that the ***Defendant's Petition for Notice of Removal*** has been served upon the following person and in the manner indicated below, which service satisfies the requirements of the Pennsylvania Rules of Civil Procedure.

Service by First Class Mail Addressed as follows:

Michael R. Mey, Esquire
Mey & Sulla, LLP
1144 East Drinker Street
Dunmore, PA 18512
*Attorney for Plaintiff*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated: __July 10, 2020__

By: _Patricia L Glasz_____
Patricia L. Glasz, Pa.C.P.
Paralegal
1860 Charter Lane, Suite 201
Lancaster, PA 17601-5865
(717) 553-2604

{W1102782.1}