UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MODULAR STEEL SYSTEMS  INC.        :
11 Edwards Drive                   :
Bloomsburg, PA  17815              :
                                   :
            Plaintiff              :
                                   :
WESTFIELD INSURANCE,               :      3;CV-20-1186
P.O. Box 5001                      :
One Park Circle                    :
Westfield Center, OH   44251-5001  :      JUDGE MANNION
                                   :
            Defendant              :

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, MODULAR STEEL SYSTEMS INC., by and through their counsel, Mey & Sulla, LLP, and complains of the Defendant, WESTFIELD INSURANCE and in support thereof alleges as follows:

1. The Plaintiff, MODULAR STEEL SYSTEMS INC., is a Pennsylvania business corporation with its main office and principle place of business located at 11 Edwards Drive Bloomsburg, PA 17815.

2. The Defendant, WESTFIELD INSURANCE, is a corporation organized and existing under the laws of this Commonwealth to provide various forms of insurance to the public including commercial automobile liability policies with its principal place of business located at P.O. Box 5001, One Park Circle, Westfield Center, Ohio, 44251-5001.

3. Plaintiff applied to Defendant for a general commercial package policy insuring Plaintiff's property, work including, but not limited to, property damage which is entirely the result of work performed on Plaintiff's behalf by a subcontractor that is not an insured as defined

by a policy as a result of which Westfield issued a commercial package policy bearing policy number TRA4208345 with a policy period from August 31, 2017 until August 31, 2018, a true and correct copy of which is in the possession of Westfield, not attached to this Complaint.

4. Plaintiff has paid Westfield all required premiums in consideration of which the Defendant agreed to buy a commercial package policy insuring Plaintiff's property and represented to the Plaintiff that said coverage was purchased and in full force and effect at all material times including November 1, 2017.

5. On or about November 1, 2017, and while the policy was represented by the Defendant to the Plaintiff to be in full force and effect, damage was done to a project known as the "Courtyard by Marriott Project" in the township of North Brunswick, New Jersey.

6. Good, sufficient and proper notice was provided by Plaintiff to Defendant of the loss and request was made for coverage due to the damage suffered by Plaintiff's property.

7. At all times material to this Project, Plaintiff had contracted with a modular setting company "Modsets" who was entirely responsible for the setting and weather-tighting of the modular units forming the project.

8. As a result of a storm which occurred during October 30th and October 31, 2017, water penetrated the modular units causing damage to them.

9. On January 31, 2018, Westfield provided an acknowledgment of the claim which is attached as Exhibit "1".

10. Thereafter, Westfield engaged the services of its counsel, Francis A. Lettieri, who issued a letter of denial April 30, 2018, attached as Exhibit "2".

11. In response, Plaintiff's counsel sent his letter of May 7, 2018 requesting that

2

Westfield reconsider its position based upon its failure to take into consideration the contractual relationship between Plaintiff and Modsets.

12. Plaintiff's counsel followed with his letter of May 14, 2018, once a complete copy of the policies had been received as previously requested, attached as Exhibit "3".

13. The policy of insurance issued by Defendant contains a specific policy provision which addresses the nature of the loss suffered by Plaintiff as follows:

> 1. Insuring Agreement:
>
> f. damages because of property damage include damages the insured becomes legally obligated to pay because of property damage to your work and shall be deemed to be caused by an occurrence but only if:
>
> (1) the property damage is entirely request the work performed on your behalf by a subcontractor that is not insured;
>
> (2) the work performed by the subcontractor is within the products completed operations hazard; and
>
> (3) the property damage is unexpected and unintended from the standpoint of the insured.

14. In accordance with its contractual obligations to the owner/developer of the Marriott Project, Plaintiff immediately began to mitigate the damages done to its work as a result of which it expended the following sums:

| | | |
|---|---|---|
| 14.1 | Corrective work | $64,790.00 |
| 14.2 | Equipment | $40,821.07 |

3

15. At all relevant times, the Plaintiff believed and had a reasonable expectation that it was fully covered by the Defendant for the loss associated with the damage done to its property.

## COUNT I

## BREACH OF CONTRACT

16. Plaintiff incorporates by reference the averments contained in Paragraphs 1 through 15 as though the same were fully set forth herein at length.

17. By reason of the breach of the agreement and duty of the Defendant, Westfield, to provide coverage, Plaintiff has suffered damages by reason of the sums it was forced to expend, expenses it was forced to incur and loss of its employees time.

WHEREFORE, Plaintiff demands judgment against the Defendant Westfield in an amount of $105,611.07 together with interest on such amount as allowed by law from the date of the judgment until paid, costs of the suit and lost profits and such other further relief as the Court deems just and proper.

## COUNT II

## BAD FAITH

18. Plaintiff incorporates by reference the averments contained in Paragraphs 1 through 17 as though the same were fully set forth herein at length.

19. The actions of Defendant in refusing to provide coverage to Plaintiff under the policy constitutes bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

    (a) Acting unreasonably and unfairly in response to Plaintiff's request for a

defense for the lawsuit filed against it;

       (b)       Failing to communicate adequately with Plaintiff;

       (c)       Concealing or permitting agents, servants, workman or employees to conceal important facts and policy or contract provisions relating to the coverage at issue;

       (d)       Making or permitting agents, servants, workman or employees to make a sales presentation which misrepresented to Plaintiff the benefits, conditions or terms of the insurance policy;

       (e)       Refusing to respond to Plaintiff's claims while knowing that Plaintiff had a reasonable expectation for the lawsuit filed against it;

       (f)       Misrepresenting or permitting agents, servants, workman or employees to misrepresent pertinent facts or policy or contract provisions relating to the coverage at issue;

       (g)       Making or permitting agents, servants, workman or employees to make false or fraudulent statements or representations on or relative to an application for an insurance policy;

       (h)       Compelling Plaintiffs to institute litigation to recover amounts due and owing under the insurance policy;

       (i)       Causing Plaintiffs to incur out-of-pocket losses of $105,611.07 for expenses.

20.       The reasons set forth above, the Defendant has violated the policy of insurance issued to Plaintiff, its obligations as an insurer and failed to act toward the Plaintiff in good faith and fair dealing and, therefore, violated 42 Pa.C.S.A. §8371 for which Defendant is liable for

compensatory and punitive damages together with interest, attorneys fees and such other relief as the court deems appropriate.

21. Defendants refusal in honoring the terms and conditions of the policy of insurance it authored, and in refusing to provide at the very least a defense to the lawsuit filed against the Plaintiff, constitutes a wanton and reckless course of conduct with regard to the welfare, interest, rights and financial exposure of the Plaintiff and are liable for their bad faith conduct.

WHEREFORE, Plaintiff, MODULAR STEEL SYSTEMS INC., demands judgment against the Defendant, Westfield Insurance and in their favor in an amount in excess of $105,611.07 together with compensatory damages, punitive damages, interest, cost of suit, attorneys fees and any further damages allowed under Pennsylvania law.

                                    MEY & SULLA, L.L.P.

_____
Michael R. Mey, Esquire
Attorney for Plaintiff

## **V E R I F I C A T I O N**

    I, Michael R. Mey, Esq., attorney for the Plaintiff, Modular Steel Systems, Inc., being duly sworn according to law, deposes and say that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and that this Verification is being made by me as their attorney since a signature cannot be obtained within the time required by the Rules of Civil Procedure, and are made subject to the penalties of 19 Pa. C.S. §4904, relating to unsworn falsification to authorities.

 

                              **MICHAEL R. MEY, ESQ.**

Date:  August 13, 2020